**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jovan Smith aka Jovan Massey Smith,<br><br>Plaintiff,<br><br>-v-<br><br>Suffolk County, *et al.*,<br><br>Defendants. | 2:26-cv-05838 (NJC)(LGD) |

**<u>MEMORANDUM AND ORDER</u>**

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is an application to proceed *in forma pauperis* ("IFP") filed by Plaintiff Jovan Massey Smith, along with his eighteenth *pro se* complaint, while detained at the Suffolk County Correctional Facility ("SCCF"). (*See* Compl., ECF No. 1; IFP Mot., ECF No. 2.)[1] Given that Smith has accumulated three strikes under 28 U.S.C. § 1915(g), he is disqualified from

[1] Smith's prior cases are docketed as:

- 2:17-cv-03611 ("Smith I") (Compl., ECF No. 1, IFP Mot., ECF No. 2 in each case);
- 2:26-cv-03331 ("Smith II");
- 2:26-cv-03360 ("Smith III");
- 2:26-cv-03455 ("Smith IV");
- 2:26-cv-03764 ("Smith V");
- 2:26-cv-04248 ("Smith VI");
- 2:26-cv-04448 ("Smith VII");
- 2:26-cv-04837 ("Smith VIII");
- 2:26-cv-04839 ("Smith IX");
- 2:26-cv-04955 ("Smith X");
- 2:26-cv-05229 ("Smith XI");
- 2:26-cv-05418 ("Smith XII");
- 2:26-cv-05430 ("Smith XIII");
- 2:26-cv-05435 ("Smith XIV");
- 2:26-cv-05449 ("Smith XV");
- 2:26-cv-05499 ("Smith XVI"); and
- 2:26-cv-05662 ("Smith XVII").

proceeding IFP unless the Complaint demonstrates that he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g);[2] *see also* Smith I (dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim for relief), Smith XIII (dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)), and Smith XIV (same). Here, the allegations set forth in the Complaint do not establish that Smith is in any such danger.

The four-page Complaint names eighteen defendants and appears to challenge the conditions of Smith's confinement at the SCCF with regard to the protocols as related to access to the law library and to mail. (Compl. at 1–3, ECF No. 1.) Smith claims that "between August 7 and August 25 or so the plaintiff was denied Law Library and notary access." (*Id*. at 2.) Further, "[d]ue to defendant's actions, mail is being obstructed, legal mail for lawsuits, claims, complaints, and more impacting those and other legal matters." (*Id*. at 3.)

As is readily apparent, there are no allegations from which the Court could liberally construe that Smith may benefit from the "imminent danger" exception. Thus, Smith's application to proceed IFP is denied pursuant to 28 U.S.C. § 1915(g) because Smith has three "strikes" and is not entitled to the "imminent danger" exception. **This action shall be dismissed without prejudice unless, within thirty (30) days of the date of Order, Smith pays the Court's filing fee of $405.00 in full; and it is further ordered that if Smith fails to timely comply with this Order, the Clerk is directed to enter judgment dismissing this action, without prejudice, without further order of this Court.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal.

---

[2] "Congress enacted the 'imminent danger' exception as a 'safety valve' to prevent impending harms to prisoners otherwise barred from proceeding IFP." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

*See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to serve a copy of this Order on Smith at his address of record in an enveloped marked "Legal Mail" and shall record such mailing on the docket.

Dated: Central Islip, New York
September 25, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge